CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 20 2013

JULIA DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DONNA RENAE HAIRSTON, )
) Civil Action No. 7:12CV00281
Plaintiff, )
)
v. ) **MEMORANDUM OPINION**
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security,[1] ) By: Hon. Glen E. Conrad
) Chief United States District Judge
Defendant. )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Donna Renae Hairston, was born on April 11, 1962 and eventually reached the seventh or eighth grade in school. Ms. Hairston has worked as a housekeeper, cook, and cashier. She last worked on a regular and sustained basis in 2008. On July 15, 2009, Ms. Hairston filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on December 24, 2008, due to a broken knee and muscle spasms in her back. She now alleges that she has remained

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the defendant in this suit. See Social Security Act § 205(g), 42 U.S.C. § 405(g).

disabled to the present time. As to her application for disability insurance benefits, the record reveals that Ms. Hairston met the insured status requirements of the Act through the fourth quarter of 2009, but not thereafter. See, gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2009. See, gen., 42 U.S.C. § 423(a).

Ms. Hairston's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 28, 2012, the Law Judge ruled that plaintiff became disabled for all forms of substantial gainful employment on October 11, 2011. Accordingly, the Law Judge found that Ms. Hairston had become disabled for purposes of her application for supplemental security income benefits. However, based on the finding that plaintiff was not disabled at a time beginning prior to the termination of her insured status, the Law Judge concluded that Ms. Hairston is not entitled to disability insurance benefits. The Law Judge determined that, at all relevant times, plaintiff suffered from status post open reduction internal fixation of the right tibial plateau fracture with compartmental syndrome and subsequent arthrofibrosis; chronic obstructive pulmonary disease; hypertension; and history of right ankle sprain. The Law Judge ruled that, at all relevant times, Ms. Hairston retained sufficient functional capacity to perform a limited range of sedentary exertion. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that, since December 24, 2008, the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except for that which requires operation of foot controls with the right lower extremity; requires standing or walking more than 20 minutes at a time; involves kneeling, crawling, or climbing; requires more than occasional stooping or crouching; or involves even moderate exposure to pulmonary irritants or temperature extremes.

(TR 13).

The Law Judge referred to the medical vocational guidelines in determining that plaintiff is disabled for purposes of her application for supplemental security income benefits. Stated succinctly, the Law Judge noted that, considering her educational level, prior work experience, and residual functional capacity for sedentary exertion, the medical vocational guidelines direct a determination of disabled once plaintiff reached the age of 50, on April 11, 2012. See Rule 201.10 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. The Law Judge then determined that Ms. Hairston actually became disabled on October 11, 2011, six months prior to her 50th birthday, based on a "nonmechanical" application of the "age categories." (TR 17). However, the Law Judge determined that plaintiff's disability did not begin on or before December 31, 2009, the date of termination of her insured status. As to that earlier period, given plaintiff's age, education, and prior work experience, and considering the testimony of a vocational expert, the Law Judge held that plaintiff retained sufficient functional capacity to perform several specific sedentary work roles existing in significant number in the national economy. Accordingly, the Law Judge concluded that Ms. Hairston was not entitled to a period of disability and disability insurance benefits for purposes of her application under Title II of the Social Security Act. See 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Hairston has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical

3

findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. The court believes that the Law Judge's determination of plaintiff's disability onset date simply does not comport with the applicable case law. The court finds "good cause" for remand of the case to the Commissioner for further consideration of this issue.

Before addressing the disability onset issue, the court notes that there is another point of contention between the parties. Without going into any great detail, it appears that plaintiff's treating physician, Dr. Thomas Shuler, has submitted a medical assessment which indicates that Ms. Hairston is totally disabled. While the Law Judge rejected Dr. Shuler's opinion as to disability, the Law Judge relied heavily on Dr. Shuler's medical assessment in propounding an appropriate hypothetical question to the vocational expert. Considering all the physical limitations identified by Dr. Shuler in his medical assessment, the vocational expert testified that Ms. Hairston would be unable to perform any work role on a regular and sustained basis. (TR 62). When asked by the Law Judge to explain this answer, the vocational expert cited Dr. Shuler's findings, including total restriction for stooping. (TR 62). As noted above, when assessing plaintiff's residual functional capacity in his opinion, the Administrative Law Judge ultimately concluded that Ms. Hairston can engage in "occasional stooping or crouching." (TR 13). When asked to consider a hypothetical question that

included residual functional capacity for occasional stooping, the vocational expert testified that plaintiff could be expected to perform unskilled office work. (TR 60-61).

The court believes that the Law Judge's finding of residual functional capacity for occasional stooping is supported by the evidence as well as by the regulatory definition of "stooping." Citing Social Security Ruling 83-10, the Law Judge characterized stooping as "a type of bending in which a person bends his or her body downward and forward by bending the spine at the waist." (TR 16). The court agrees with the Administrative Law Judge's assessment that the medical record gives no indication that Ms. Hairston could not perform such activity on at least an occasional basis, at least when in a seated position. In this respect, the court concludes that the Law Judge's opinion is supported by substantial evidence.

The difficulty in this case is that the Administrative Law Judge gave absolutely no reason for determining that plaintiff became disabled six months prior to attaining the age of 50. The court understands that the Law Judge referred to the medical vocational guidelines, and attempted to apply those rules in a liberal fashion. However, the Law Judge gave no basis for concluding that plaintiff's disability onset should be backed up six months, as opposed to two months, eight months, twelve months, or twenty-four months. Ms. Hairston was deemed to be disabled for more than a limited range of sedentary work, based on medical causes. In such circumstances, if the Law Judge declines to adopt a strict application of the medical vocational guidelines, the court believes that it is appropriate for the Law Judge to receive some assistance from medical sources in determining the exact date of disability onset.

The United States Court of Appeals for the Fourth Circuit addressed such an issue in Bailey v. Chater, 68 F.3d 75 (4th Cir. 1995). In Bailey, the Fourth Circuit interpreted Social Security

5

Ruling 83-20 so as to conclude that, if the evidence of disability onset is ambiguous, the Commissioner should receive assistance from a medical advisor in order to properly assess and determine the date of disability onset. The Fourth Circuit reasoned that an Administrative Law Judge does not possess the discretion necessary to establish a disability onset without substantial evidence in the form of some medical opinion or testimony. Id. at 79-80. Stated differently, a medical source is better placed to engage in "educated guesswork" than is the Administrative Law Judge.

In the instant case, the court is unable to discern any reason for the Law Judge to conclude that Ms. Hairston became disabled on October 11, 2011, and not earlier. At least as to her musculoskeletal impairments, the court perceives little indication that plaintiff enjoyed a greater level of physical function prior to December 31, 2009 than she did on October 11, 2011. Accordingly, the court finds "good cause" for remand of this case to the Commissioner for further consideration of plaintiff's application for a period of disability and disability insurance benefits.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration as specified above. See 42 U.S.C. § 405(g). An appropriate order of remand will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 20th day of March, 2013.

_____
Chief United States District Judge