CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 15 2013

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONNA RENAE HAIRSTON, | ) | |
| | ) | Civil Action No. 7:12CV00281 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

By memorandum opinion and order entered March 20, 2013, this court remanded the instant Social Security case to the Commissioner of Social Security for further consideration of plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq. The Commissioner has now filed a Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, seeking relief from the court's judgment. Having considered the arguments advanced in support of the Commissioner's motion, the court concludes that the motion must be denied.

The procedural history and facts of this case are recounted in the court's earlier memorandum opinion of March 20, 2013, and are specifically incorporated herein. Stated succinctly, the primary issue in the case now concerns the date of onset of plaintiff's disability. In an opinion which now stands as the final decision of the Commissioner, an Administrative Law Judge found that plaintiff became disabled for all forms of substantial gainful employment on October11, 2011. The Law Judge determined that plaintiff became disabled for purposes of her application for supplemental security income benefits on that day. However, because plaintiff met the insured status requirements of the

Act for purposes of her application for disability insurance benefits only through December 31, 2009, the Law Judge denied plaintiff's claim for disability insurance benefits based on the determination that she did not become disabled until October 11, 2011. In finding that plaintiff had become disabled for purposes of her claim for supplemental security income benefits, the Law Judge relied on the application of the medical vocational guidelines, finding that once plaintiff reached the age of 50 on April 11, 2012, the guidelines direct a determination of disabled. See Rule 201.10 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. Noting the admonition in certain of the governing, regulatory materials that the age categories of the medical vocational guidelines should be applied in a "nonmechanical" fashion, the Law Judge stated to the effect that he would consider plaintiff to have become disabled on October 11, 2011, exactly six months before she became an individual closely approaching advanced age when she attained the age of 50. The Law Judge's entire finding relative to the date of disability onset states as follows:

> Prior to the established disability onset date, the claimant was a younger individual age 45-49. Applying the age categories non-mechanically, and considering the additional adversities in this case, on October 11, 2011, the claimant's age category changed to an individual closely approaching advanced age (20 CFR 404.1563 and 416.963). The claimant was within six months of age 50 on October 11, 2011.

(TR 17).

After conducting a substantial evidence review, the court affirmed the Commissioner's final decision in all respects, save for the determination of plaintiff's disability onset date. The court noted that "the Administrative Law Judge gave absolutely no reason for determining that plaintiff became disabled six months prior to attaining the age of 50" rather than two months or eight months or 24 months prior to her 50th birthday. Stated differently, the court suggested that there were no reasons offered for the finding that plaintiff became disabled on October 11, 2011, and that there is no

medical or vocational evidence to suggest that she became disabled on that day, as opposed to some earlier or later time. Citing the decision of the United States Court of Appeals for the Fourth Circuit in Bailey v. Chater, 68 F.3d 75 (4th Cir. 1995), the court remanded the case to the Commissioner for receipt of medical evidence regarding the date of onset of plaintiff's disability.

The Commissioner now asks the court to reconsider its decision regarding plaintiff's disability onset date. The Commissioner notes that under Social Security Ruling 83-10, the Administrative Law Judge is directed to avoid a mechanical application of the age categories of the medical vocational guidelines. The Commissioner cites to the following portion of Social Security Ruling 83-10:

> The regulations provide the older age is an increasingly adverse vocational factor for persons with severe impairments. The chronological ages, 45, 50, 55, and 60 may be critical to a decision. However, the regulations also provide that age categories are not applied mechanically in borderline situations. For example, a rule for an individual of advanced age (55 or older) could be found applicable, in some circumstances, to an individual whose chronological age is 54 years and 11 months (closely approaching advanced age). No fixed guidelines as to when a borderline situation exists are provided since such guidelines would themselves reflect a mechanical approach.

The Commissioner also notes that the Fourth Circuit's decision in Bailey v. Chater, supra, references Social Security Ruling 83-20. The Commissioner asserts that this ruling deals with the determination of disability onset only in cases involving slowly progressive impairments. The Commissioner relies on the following portion of Ruling 83-20:

> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.

Thus, under the Commissioner's argument, the Administrative Law Judge is free to adopt any onset date in a case in which disability is directed under the medical vocational guidelines, and it becomes necessary to obtain medical input as to the date of disability onset only when there is a "slowly progressive impairment."

After consideration of the memorandum submitted in support of the Commissioner's motion, the court does not believe that the Commissioner's arguments are such as to justify any different result in plaintiff's case. As found by the Administrative Law Judge, plaintiff suffers from severe musculoskeletal problems involving her right knee and right ankle, chronic obstructive pulmonary disease, and hypertension. (TR 12). While certain of the medical reports, as well as general common sense, may suggest otherwise, the court will assume for purposes of the argument that plaintiff does not suffer from "progressive" medical impairments. Indeed, under the Administrative Law Judge's analysis, this concern is not significant. The Law Judge found that plaintiff's physical problems have been so severe as to prevent performance of anything other than a limited range of sedentary work at all times since December 24, 2008, and that she has been disabled for her past relevant work at least since that same day. (TR 13, 17). In effect, the Law Judge ruled that plaintiff experienced the same level of physical incapacity on December 24, 2008 as on October 11, 2011. The Law Judge apparently determined that, only as she got older, and only as her work experience became more distant in time, did plaintiff become disabled for all forms of work for which she was otherwise physically capable. In the court's view, it is not because of the progressive nature of her impairments that the Commissioner should receive additional evidence in plaintiff's case.

Once again, the simple fact is that the Administrative Law Judge offered absolutely no reason for adopting October 11, 2011, as the date of disability onset, rather than some other date more

favorable to plaintiff. As noted above, plaintiff was found not to be entitled to an earlier period of disability and disability insurance benefits only because it was determined that she had not become disabled on or before December 31, 2009, when she still enjoyed insured status. Stated differently, the Administrative Law Judge apparently determined that, at some point in time, plaintiff's age, education, prior work experience, and physical condition converged in such a manner as to render her disabled for all forms of work. Without offering any basis for his opinion, the Administrative Law Judge chose October 11, 2011 as the date on which the convergence took place, even though, according to the Law Judge, plaintiff's physical condition remained the same at all relevant times. As suggested in the court's earlier opinion, the court would have had no difficulty with the Administrative Law Judge's decision if he had chosen April 11, 2012 as the date of disability onset. After all, it was on this day that plaintiff met all the requirements established under the medical vocational guidelines for a directed determination of disabled. However, without giving any reasons for doing so, other than to avoid a mechanical application of the guidelines, the Law Judge arbitrarily chose a date of convergence that was six months earlier. The court does not believe that it is unreasonable for plaintiff to expect that she be given some reason for the finding that she did not become disabled until October 11, 2011, a date that disqualifies her for entitlement to disability insurance benefits. Nor does the court believe that it is unreasonable for the court to expect that some evidence be cited in support of the disability onset date finding so that the court may engage in a meaningful substantial evidence review. It was based on these deficiencies that the court determined to remand this case to the Commissioner for development of additional evidence.

It is true that, in its earlier opinion, the court relied on the decision of the Fourth Circuit in Bailey v. Chater, supra. In doing so, the court considered the following language:

> The requirement that, in all but the most plain cases, a medical advisor be consulted prior to inferring an onset date is merely a variation on the most pervasive theme in administrative law—that substantial evidence support an agency's decisions. See Pleasant Valley Hosp., Inc. v. Shalala, 32 F.3d 67, 70 (4th Cir.1994) ("The Secretary's [now Commissioner's] decision should be affirmed where supported by substantial evidence and not arbitrary, capricious, or otherwise contrary to law.") (internal quotation marks, ellipses, and citation omitted). Here, the ALJ's decision to award benefits as of six months prior to the consultative examinations was wholly arbitrary; it was thus not supported by substantial evidence.

68 F.3d at 80. In the instant case, the court believes that it is beyond dispute that the Law Judge's choice of a disability onset date was arbitrary and that the establishment of the particular day of disability onset is supported by absolutely no evidence. Thus, the court concludes that remand of the case remains warranted. The court concludes that the defendant's motion for relief from judgment is without merit. An order denying the motion shall be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 15th day of April, 2013.

[signature]

Chief United States District Judge